UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VIVIAN L. Q.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-5309 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

    Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred at step three by failing to comply with this Court's Order and by rejecting her symptom testimony. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    This is the second time Plaintiff seeks judicial review of her July 2014 application for SSI benefits. In June 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 12–24. This Court reversed the ALJ's decision in August 2020 and remanded for further proceedings. AR 921–35. In its remand Order, the Court instructed the ALJ to solicit an opinion from a medical expert or an examining physician concerning whether Plaintiff's lumbar degenerative disc disease meets Listing 1.04A. AR 934. The Court also instructed the ALJ to re-evaluate

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

Plaintiff's symptom testimony. *Id*.

On remand, the ALJ held a second hearing and issued a second decision in December 2022, again finding Plaintiff not disabled from her amended alleged onset date of July 31, 2014. AR 14, 34–35, 842–65.  Plaintiff now seeks judicial review of the ALJ's December 2022 decision.

## DISCUSSION

**1.     Step Three**

At step three, the ALJ determines if a claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listing").  *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The claimant bears the burden of proof regarding whether or not she has an impairment that meets or equals the Listings.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  The claimant meets this burden by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment."  *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)).

In the ALJ's previous decision, the ALJ determined Plaintiff does not have an impairment that meets or equals Listing 1.04.[1]  AR 18.  The Court found the ALJ's determination lacking and directed that on remand, "The ALJ shall develop the record by soliciting an opinion from a medical expert or an examining physician concerning whether Plaintiff's lumbar degenerative disc disease meets the specific portion of Listing 1.04A

---

[1] In December 2020, the agency replaced Listing 1.04 with Listing 1.15, and the replacement went into effect in April 2021.  *See Revised Medical Criteria for Evaluating Musculoskeletal Disorders*, 85 FR 78164-01 (Dec. 3, 2020).  Listing 1.04 was still in effect when the ALJ first issued a decision finding Plaintiff not disabled, and this decision was the one the Court reversed and remanded, therefore the Court's discussion focuses on Listing 1.04.

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

concerning motor loss with sensory or reflex disturbance."[2]  AR 923, 934.  After conducting a second hearing where a medical expert (ME) testified, the ALJ again found Plaintiff does not have an impairment that meets or equals Listing 1.04A.  AR 848–89.  The ALJ explained the ME "testified the record does not establish the motor loss with sensory or reflex loss described in the listing."  *Id*.  The ALJ further stated, "The medical expert's testimony is consistent with the medical evidence of record."  AR 849.

Plaintiff contends the ALJ failed to comply with the Court's Order because the testimony provided by the ME was "clearly ambiguous" and conflicted with the medical evidence of record, triggering the ALJ's duty to develop the record.  Dkt. 8 at 5–9.  Plaintiff also argues the ALJ erred by relying on the ME's testimony and selectively citing to the record in finding Plaintiff's impairment does not meet or equal Listing 1.04A.  *Id*. at 5, 10–12.

During the October 2022 hearing, when the ALJ asked the ME to "list the impairments, as [he] found them in the record," the ME answered Listing 1.15 was present.  AR 870–71.  After the ALJ clarified that Listing 1.04A was the more appropriate listing to consider based on Plaintiff's alleged onset date, and after the ME reviewed Listing 1.04A's requirements, the ME stated, "There is no motor loss and sensory disturbances are not particularly mentioned."  AR 872.  On cross-examination, Plaintiff's attorney asked if Plaintiff ever complained of numbness in her lower extremities.  AR 874.  The ME replied that Plaintiff did on January 30, 2014, and stated that this was sensory loss.  *Id*.  Plaintiff's attorney proceeded to ask the ME if there were "other items [in Plaintiff's record] that were in the listing, other than the sensory loss."  AR 875.

---

[2] The exact language is as follows: "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by accompanied by sensory or reflex loss . . ."  *See* Program Operations Manual System (POMS): DI 34121.013 Musculoskeletal Listings from 09/29/16 to 04/01/21, *available* at https://secure.ssa.gov/apps10/poms.NSF/LNX/0434121013 (last visited at Sept. 15, 2023)

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

1  The ME replied, "[F]rom March 8, 2015[,] that was a mild weakness of left dorsiflexion and
2  extensive [INAUDIBLE]." *Id*.  Plaintiff's attorney then asked twice more if there was "any
3  other evidence in the file of sensory or reflex loss for straight leg raising or any of the other
4  elements that are in the listing we're discussing," other than the evidence just discussed.  AR
5  876.  The ME replied, "I think it's enough. One evidence or two evidence or three evidence. It's
6  all the same." AR 876.

7  Plaintiff takes issue with the ME's seemingly contradictory statements—the ME testified
8  there was "no motor loss and sensory disturbances are not particularly mentioned" in Plaintiff's
9  record, but then pointed out Plaintiff had sensory loss in January 2014.  Dkt. 8 at 7–9; AR 872,
10 875.  However, Plaintiff's contention is undercut by the fact the ME was only asked—and thus
11 only responded with regards to—sensory loss, rather than the entire criterion: "motor loss . . .
12 *accompanied by* sensory reflex loss."  *See* POMS: DI 34121.013 (emphasis added); AR 874.
13 Plaintiff also overlooks the fact that the treatment note the ME found as indicative of sensory
14 loss was from January 2014, prior to Plaintiff's amended alleged onset date of July 31, 2014, and
15 thus of limited relevance.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th
16 Cir. 2008); AR 308.  Plaintiff also points to the fact that the ME stated that a treatment note from
17 "May, 8 2015 in Exhibit 25F" showed mild weakness.  Dkt. 8 at 10–11.  But this particular
18 exhibit does not contain such a treatment note and consists only of records from October 2020 to
19 December 2020.  *See* AR 1329–1434.

20 Plaintiff also argues the ALJ's step three-finding is flawed because he cited to the
21 September 2013, March 2014, October 2014, and February 18 treatment notes this Court
22 previously found erroneous.  Dkt. 8 at 11.  Plaintiff misreads this Court's prior Order.  The Court
23 found these listed notes supported Defendant's implied concession that Plaintiff met the other

criteria for Listing 1.04A. *See* AR 924. The Court did not state those specific citations were erroneous or harmful. Rather, the Court found the ALJ's selective citing to a single physical examination from May 2015 erroneous, given that there were *other* records where Plaintiff demonstrated sensory deficits in other examinations. *See id*. (citing AR 308, 350, 363, 384, 449, 594, 689).

The ALJ did not consider all those specific records here, but the Court cannot say this was harmful error as the bulk of those records were from prior to Plaintiff's amended alleged onset date and thus of limited relevance. *See Carmickle*, 533 F.3d at 1165; AR 283–84 (September 2013), 286–95 (same), 302 (same), 308 (January 2014), 350 (July 2014), 363 (February 2014), 384 (October 2013). Further, several of the records showed Plaintiff had negative weakness, normal muscle strength, or no indications of motor loss in general, even if sensory deficits were present. AR 283–84, 286–95, 350, 363, 384, 448–49, 594, 689.

Moreover, the Court cannot say the ALJ's determination was not substantially supported by the evidence the ALJ did rely on. For example, treatment notes from October 2014 show Plaintiff's manual motor strength testing of the lower extremities was within normal limits, and there was no mention of any sensory or reflex disturbance. AR 838. The ALJ also noted the record indicated no issues until February 2018 when Plaintiff's reflexes were rated as "2/4 throughout" and her left extremity was rated as "4-/5." AR 1920. But even then, Plaintiff's physical exam showed she had "5/5 strength throughout . . . and the rest of the strength is 5/5." *Id*. The ALJ also noted Plaintiff's more recent records showed no motor loss and no sensory or reflex loss. AR 1341, 2309, 2336.

"The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's
ORDER AFFIRMING AND DISMISSING
THE CASE - 5

conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The Court agrees the ME's testimony could have been more definite, but overall cannot say the evidence was ambiguous enough to trigger the ALJ's duty to further develop the record. The ME testified "no motor loss and sensory disturbances were not particularly mentioned" in the record, and as discussed, the medical evidence cited by the ALJ shows Plaintiff at times had sensory loss, but not necessarily motor loss. Notably, later treatment notes showed Plaintiff had neither. *See* AR 1341, 2309, 2336. Plaintiff's other citations to the record are also unavailing. *See* Dkt. 8 at 8. While some of the evidence show Plaintiff had a sensory deficit, they do not necessarily show Plaintiff also had motor loss. *See* AR 448–49, 594 ("strength is decreased but fair"), 1276 (muscle strength mostly "5/5," "muscle tone is normal"), 1453 (same). For these reasons, the Court also finds Plaintiff has failed to show that the ALJ erred in determining that Plaintiff's impairment does not meet or equal Listing 1.04A. *See Kennedy*, 738 F.3d at 1176 (medical findings must equal in severity to *all* the criteria for the listed impairment) (internal citations omitted); *see also See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Accordingly, the Court finds the ALJ did not fail to comply with the Court's previous Order and did not err at step three.

    **2.**    **Plaintiff's Testimony**

Plaintiff testified that since the last hearing, her back pain has worsened. AR 878. She stated she trips and falls a lot because of numbness, tingling, and pain on her left side, left leg, lower back, and left foot. AR 879. She stated sitting down or standing for too long worsens the pain in her left leg, and she can sit for five to 10 minutes at a time before she has to adjust. *Id*.

She explained that due to the numbness, she has difficulties with walking and climbing stairs and sometimes has to use a cane.  AR 880.  She stated that due to her back pain, she has difficulties with bending over to pick up things.  AR 881.  She stated she takes pain for her medication, but she has not found them to be helpful.  AR 882.  As for her mental health, Plaintiff explained her physical health makes her mental health worse and she has panic attacks and anxiety.  AR 882–83.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ rejected Plaintiff's testimony because the "degree of limitations alleged is not consistent with the medical record."  AR 851.  Specifically, in rejecting Plaintiff's physical symptoms, the ALJ pointed to Plaintiff's physical examination findings.  AR 851–53.  The evidence the ALJ relied on shows Plaintiff had full strength in her upper and lower extremities most of the time, though with decreased reflex.  AR 617, 731, 734, 754, 769, 1990.  Plaintiff also had no muscle atrophy or tenderness and a full range of motion.  AR 731–32, 1989, 2309, 2362.  The ALJ noted that Plaintiff did report of numbness, but treatment notes show she had normal sensation in her feet.  AR 2434.  The ALJ noted that the record had scant evidence of Plaintiff's falls, and she had normal gait even without an assistive device, in contrast with Plaintiff's statements about the frequency of her falls.  AR 590, 669–70, 690, 2362.

Plaintiff argues the ALJ's rejection of her testimony based on these findings is at odds with Social Security Ruling 16-3p, which states that the agency "cannot disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p at 1.  However, an ALJ is not altogether barred from using such findings to discount a claimant's subjective symptom testimony.  *Smartt*, 53 F.4th at 498.  Rather, the ALJ cannot "render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence '*fully corroborat[ing]*' every allegation within the subjective testimony."  *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (emphasis added).  The ALJ's rejection here was not based on the fact that Plaintiff's physical examinations did not fully corroborate Plaintiff's testimony—rather, the ALJ reasoned her symptoms are *not as* limiting as alleged, given that the examinations displayed normal strength, normal gait, and full range of motion in her extremities, despite Plaintiff's complaints of pain. AR 851–53.  Plaintiff also fails to present any other evidence to refute the ALJ's finding that there is little evidence of Plaintiff falling throughout the record.  Thus, in rejecting Plaintiff's testimony for this reason, the ALJ did not err.

Even if this rationale were erroneous, the ALJ also provided other valid reasons to reject Plaintiff's testimony.  For example, the ALJ permissibly found Plaintiff's symptoms not as limiting given Plaintiff's reports of improvement.  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) ("Factors that the adjudicator may consider when making . . . credibility determinations include . . . effectiveness or adverse side effects of any pain medication . . . .); AR 852–53.  The ALJ noted there were occasions where Plaintiff reported only slight improvement with steroid injection, but Plaintiff also often reported pain relief from her medications and found they

provided "improvement in quality of life, functionality, and ability to perform activities of daily living."  AR 761, 768, 852 1983, 2228, 2231.

In rejecting Plaintiff's mental health symptoms, the ALJ similarly cited to objective medical evidence and Plaintiff's reports of improvements.  AR 854.  The ALJ noted that in her psychological evaluation, Plaintiff's anxiety affected her ability to perform all pertinent tests.  AR 446, 854.  However, the ALJ also pointed out that the bulk of Plaintiff's mental status examinations were "unremarkable," showing Plaintiff often had euthymic mood, despite her reports of pain.  AR 502, 510, 514, 522, 526, 530, 534, 538, 542, 546.  Plaintiff argues the ALJ did not consider that mental health conditions wax and wane, yet the evidence cited by the ALJ shows Plaintiff herself continuously reported doing well on her medication and she experienced no side effects.  Dkt. 8 at 17; AR 509, 561, 1941, 1944, 1962.  Plaintiff was found depressed and anxious at times, but these occasions coincided with her failure to take medication or external stressors.  AR 471 ("she hasn't taken [medication] during this time, stating she misplace[d] it.  She does acknowledge that it has been effective for her."), 494 ("reports she is overwhelmed related to social security benefits"), 506 ("increase anxiety related to upcoming surgery").

Finally, the ALJ rejected Plaintiff's testimony because of her activities.  AR 854.  The record shows Plaintiff traveled to Las Vegas and California, she took care of her pets, tended to her garden, performed household chores, exercised three to four times a week, socialized and dated, and expressed wanting to hike again.  AR 192, 525, 592, 1941, 1947, 1962, 1966.  Plaintiff refutes the ALJ's focus on her trip to Las Vegas and California because there is no evidence how she traveled and no explanation how this negated her testimony, especially about her sitting limitations.  Dkt. 8 at 15.  Nonetheless, the ALJ highlighted other activities, such as exercising three or four times a week, that the ALJ could reasonably find as contradictory to her

allegations about her physical limitations. AR 854. Further, "[e]ven if the claimant experiences some difficulty or pain, her daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th at 499. Plaintiff's ability to perform the activities listed reasonably undermines her statements regarding her physical limitations, thus in rejecting her testimony for this reason, the ALJ did not err.

In sum, because the ALJ provided at least one valid reason to reject Plaintiff's testimony and that reason is supported by substantial evidence, the ALJ did not err. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). The Court accordingly rejects Plaintiff's argument that the ALJ erred by failing to include Plaintiff's reported limitations in her residual functional capacity (RFC). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record); Dkt. 8 at 17.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE